

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-6259
Re: Whether holdover school
trustee is authorized to
vote in selecting his
successor and related
matter.

Your request for opinion upon matters related to you by the
Superintendent of Public Schools of Fairfield, Texas, has
been received and carefully considered. We quote from the
Superintendent's letter to you as follows:

"I would like for you to get the Attorney General's ruling on
the following two questions: If a trustee is duly elected
by popular vote and refuses to qualify the outgoing trustee
holds over until his successor is duly qualified, does this
holdover trustee have the power to vote in selecting his
successor or does he hold over until the next annual election
in April? What difference will a half-uncle make, if a
person is half-niece by marriage or affinity? In this case,
the trustee is a half-uncle by marriage. He is the president
of the School Board and has to sign the pay checks. This
person would be disqualified if they were a full niece by
affinity but I do not know what difference this would make
in the case of this teacher."

We assume that your question relates to an independent school
district and will consider it on that basis.

Article 2777, Vernon's Annotated Texas Civil Statutes,
applicable to independent school districts, reads as follows:

"The seven candidates receiving the largest number of votes
at the first election, and the three or four candidates re-
ceiving the largest number of votes at all subsequent elections,
shall be entitled to serve as trustees hereunder. Those elected
at the first election shall determine by lot the term for which
they are to serve. The four members drawing the numbers one,

two, three and four shall serve for one year, and the three members drawing the numbers five, six and seven shall serve two years, or until the second of April thereafter, and until their successors are elected and qualified; and regularly thereafter on the first Saturday in April of each year, four trustees and three trustees, alternately, shall be elected for a term of two years, to succeed the trustees whose term shall at that time expire. The members of the board remaining after a vacancy shall fill the same for the unexpired term. Id." (Underscoring ours).

Article 16, Section 17, Constitution of Texas, provides:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

Although it has been held that under the above quoted constitutional provision an officer who holds over until his successor is duly qualified, is a de jure officer. (Cowan v. Capps, 278 S.W. 283; State v. Jordan, 28 S.W. (2) 921) it has been held that the failure to elect a successor constitutes a "vacancy" in said office within the meaning of a statute providing for filling of a vacancy. Clark v. Wornell, 65 S.W. (2) 350. Undoubtedly we think the same rule would apply where a trustee was elected but failed to qualify within the time allowed by law.

The holdover trustee's term of office has already expired - he is merely holding over until his successor duly qualifies. The failure of the person elected to qualify within the time allowed by law constitutes a "vacancy" (for appointive purposes) in the office of trustee. Although the holdover trustee is a de jure officer capable of transacting business pending the time his successor is appointed and qualified, it is our opinion that he would not be considered "a member of the board remaining after a vacancy" for the purpose of appointing his successor. We call particular attention to the language quoted above from Article 2777. It does not provide that the "board of trustees" shall fill such vacancy but that "the members of the board remaining" shall fill the vacancy. We are supported in this holding by authorities cited in Opinion No. O-761 of this department, a copy of which is enclosed herewith. The holdover trustee will hold over until his successor qualifies.

Answering your second question, it is our opinion that the relationship between the trustee and teacher (half-uncle and half-niece, respectively, by affinity) comes within the degree (second degree) prohibited by our anti-nepotism laws. See

authorities cited in Opinion No. 0-3016 of this department, a copy of which is enclosed herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. Fanning

By

Wm. J. Fanning
Assistant

WJF:BT/cg

APPROVED MAY 5, 1945
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman